UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLENE LEE-COCKFIELD, :
    Plaintiff :
: NO. 3:15-CV-0310
    v. :
: (JUDGE NEALON)
CAROLYN COLVIN, COMMISSIONER :
OF SOCIAL SECURITY, :
    Defendant :

**MEMORANDUM**

**Background**

On February 12, 2015, Plaintiff filed this instant appeal[1] under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI")[2] under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1461 et seq. and 42 U.S.C. § 1381 et seq., respectively. (Doc. 1). On February 12, 2015, Plaintiff filed a motion to proceed in forma pauperis, which was granted in an Order on February 20, 2015. (Doc. 3).

---

1. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

2. Supplemental security income is a needs-based program, and eligibility is not limited based on an applicant's date last insured.

On May 1, 2015, Defendant filed an answer and transcript. (Docs. 8 and 9).

**Standard of Review**

Under Rule 41(b) of the Federal Rules of Civil Procedure, district courts have the inherent power to dismiss an action for failure to prosecute sua sponte. FED. R. CIV. P. 41(b); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). "Moreover, 'a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.'") Reshard v. Lankenau Hosp., 256 Fed. Appx. 506, 507 (3d Cir. 2007) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)). The following six (6) factors, identified by the United States Court of Appeals for the Third Circuit, should be considered before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied

2

for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870. As stated by the Third Circuit Court of Appeals:

> Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors need to be satisfied in order to dismiss a complaint . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].

Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

**Discussion**

In the case at hand, Plaintiff was specifically directed to file a brief in support of her complaint, as paragraph four (4) of the Order issued on February 20, 2015 stated that "Within forty-five (45) days after service of Defendant's answer, Plaintiff shall serve and file a brief containing the following: statement of the case, statement of errors, argument, and conclusion. M.D.L.R. LR 83.40.4." (Doc. 3. p. 2). Furthermore, in this Order, the Court gave Plaintiff direct notice that "failure to comply with paragraph 4 of this Order relating to the filing of a

3

supporting brief will result in the dismissal of the case for failure to prosecute and abide by a court order. Noncompliance of Plaintiff with paragraph 4 will result in the dismissal without any further warning from the Court." (Id.).

Almost one (1) month has passed since Plaintiff's brief in support was due. Furthermore, Plaintiff has not requested an extension of time within which to file a support brief. As a result, it is concluded that Plaintiff's dilatoriness outweighs any of the other considerations set forth in Poulis.

Accordingly, it is determined that Plaintiff's complaint, (Doc. 1), will be dismissed with prejudice in accordance with the Court's Order issued on February 20, 2015 and due to Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

A separate Order will be issued.

**Dated**: July 20, 2015

/s/ William J. Nealon
**United States District Judge**